UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARDO ANDRES MONTANO NIEMES,

v.  Case No. 8:04-cr-238-T-17TBM
  8:06-cv-763-T-17TBM

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Niemes' 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. Doc. cv-1; cr-319.

PROCEDURAL HISTORY

On May 19, 2004, a grand jury in the Middle District of Florida returned an indictment charging Richardo Andres Montano Niemes with possessing with intent to distribute at least five kilograms of cocaine on board a vessel subject to United States jurisdiction, in violation of 46 U.S.C. app. § 1903(g) and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to do the same, in violation of 46 U.S.C. app. § 1903(j) and 21 U.S.C. § 960(b)(1)(B)(ii). Doc. cr-1.

On December 16, 2004, after entering into a plea agreement with the Government (Doc. cr-97), Niemes pled guilty to Count Two of the Indictment. Doc. cr-115. In his plea agreement, Niemes waived his right to appeal, directly or collaterally, his sentence except to the extent that the sentence imposed included an upward departure from the sentencing guidelines, was in excess of the statutory maximum, or was in violation of the law apart from the sentencing guidelines:

> [T]he defendant . . . expressly waives the right to appeal [his] sentence, directly or collaterally, on any ground . . . except for (a) an upward departure by the sentencing judge (b) a sentence above the statutory maximum; or (c) a sentence in violation of other law apart from the sentencing guidelines . .

Doc. cr-97 at 10-11.

In his plea agreement, Niemes agreed to cooperate fully with the Government. If the cooperation was completed **prior to** sentencing, the Government agreed **to consider** whether such cooperation qualified as "substantial assistance" and if so, to file a motion recommending a downward departure, pursuant to USSG § 5K1.1. If the cooperation was completed **after** sentencing, the Government agreed to consider whether the cooperation qualified as "substantial assistance" and if so, to file a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b). Doc. cr-97 at 4 (emphasis added).

On December 16, 2004, during Niemes' change of plea hearing, this Court reviewed with Niemes the waiver of his right to appeal, directly or collaterally his sentence, and asked whether he understood. Doc. cr-328 at 21-23. Niemes responded affirmatively. Id. at 23. The Court also asked if he had been promised anything other than what was in the plea agreement; if anyone had promised him any particular sentence; or if anyone had threatened him in any way or coerced him into pleading guilty. Id. at 23-24. He responded no to all these questions. Id.

In addition, the Court reviewed the substantial assistance provision with Niemes. Doc. cr-328 at 16-17. The Court advised Niemes that the language of the plea agreement clearly left the matter of substantial assistance to the discretion of the prosecutor, and that it was possible that on sentencing day he would argue that he had cooperated, but absent the prosecutor's making a recommendation for a reduction, Niemes was not going to get the benefit of his cooperation. The Court asked Niemes, if he understood, and he

responded yes. Doc. cr-328 at 17. During this hearing, Niemes was assisted by a Spanish interpreter. Doc. cr-328 at 4.

On June 2, 2005, the Government filed a motion for downward departure of Niemes' sentence based upon substantial assistance. Doc. cr-165. In its motion, the Government specifically stated that (a) the defendant had fully and substantially given information on his role and that of his co-defendants; (b) he identified other organizers and described in detail the entire operation; (c) had agreed to testify against the other defendants if the case had gone to trial; and (d) his efforts resulted in one of his co-defendants pleading guilty. The Government recommended he receive a two level reduction in his offense level. Id.

On June 2, 2005, during Niemes' sentencing hearing, Niemes' counsel argued that based on Niemes' cooperation, he should receive a reduction greater than two levels and that he return "in another couple of years" on a Rule 35. Doc. cr-331 at 11-12. The Court granted the Government's motion for a two-level reduction stating that the best thing to do was to leave the reduction at two levels, and if further development would justify a Rule 35, it would take it into consideration at that time. Id. at 14.

The court then sentenced Niemes to 135 months imprisonment (with credit for time served); and 60 months of supervised release. Doc. cr-168, 179. Niemes did not file an appeal. On April 25, 2006, Niemes filed a timely Motion to Vacate under 28 U.S.C. § 2255 with a Memorandum of Law. Doc. cv-1, cv-2. Niemes raised the following claim:

> Ground One: Niemes' counsel was ineffective because he has failed to inform the court of Niemes' substantial assistance. Niemes also asserts as part of his argument that the Government has not fulfilled its agreement to seek a downward departure for his substantial assistance. Doc. cv-2 at 5-6.

DISCUSSION

Niemes' claims of ineffective assistance of counsel and breach of the plea agreement have no merit.

Niemes claims his counsel was ineffective because counsel did not inform the Court of Niemes' substantial assistance, which, according to Niemes, would result in a significant reduction of his sentence. Doc. cv-2 at 5. In the instant case, the district court questioned Niemes during the Rule 11 colloquy, and Niemes' responses to the district court's inquiry demonstrate that Niemes understood the plea agreement and the appeal waiver. Doc. cr-328 at 21-23. The record shows that Niemes was assisted by a Spanish Interpreter during his plea hearing. Doc. cr-328 at 4. Niemes responded to each question he was asked. Doc. cr-328 at 21-23.

At the conclusion of the hearing, the Court found that Niemes (a) was coherent; (b) understood the allegations made against him and the potential punishment ; (c) understood the rights he was giving up by voluntarily waiving them; and (d) entered into the plea "freely and voluntarily with an understanding of the consequences." Doc. cr-328 at 32. The Court also found that the plea was supported by a factual basis, and that Niemes was satisfied with his lawyer's advice and representation. Id.

Ineffective Assistance of Counsel Claim

Niemes' ineffective assistance of counsel claim is not only waived, but also lacks merit. The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984);

see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984).

Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690.

At Ground One, Niemes claims his counsel is ineffective because he has not informed the court of Niemes' substantial assistance, which could result in a substantial reduction of his sentence. Doc. cv-1 at 5. Niemes' counsel is not inefficient for failing to file a 5K1.1. or a rule 35 motion. The plea agreement clearly states that the decision whether to file a "substantial assistance" motion was the Government's alone and at his plea hearing, Niemes acknowledged that he understood that. Doc. cr-97 at 4-5; cr-328 at 17.

Niemes also claims the Government has failed to seek a downward departure on his behalf as agreed upon and that he should be able to "assert a right to specific

performance of the agreement in light of his substantial assistance to the Government...". Id. The Government interprets these allegations as a subtle claim of breach of plea agreement. Breach of a plea agreement raises serious due process concerns. United States v. Castellanos, 904 F.2d 1490, 1496-97 (11th Cir. 1990) (citing Santobello v. New York, 404 U.S. 257, 262 (1971) and United States v. Pellitier, 898 F.2d 297, 302 (2d Cir. 1990)). "[W]hen a plea sets in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello, 404 U.S. at 262. When a breach is alleged and disputed, the Court should consider, using an objective standard, "whether the Government's actions are inconsistent with what the defendant reasonably understood when he entered his guilty plea." In re Arnett, 804 F.2d 1200, 1202-03 (11th Cir. 1986); United States v. Nelson, 837 F.2d 1519, 1521-22 (11th Cir. 1988). Examined objectively, the Government's actions were not inconsistent with what Niemes reasonably understood when he entered his plea.

In this case, the Government has not breached the plea agreement. In paragraph 9 of the plea agreement, the Government agreed that it would "consider" whether Niemes' cooperation qualified as "substantial assistance" and if it did, the Government would file a § 5k.1. motion, if cooperation were completed prior to sentencing, or a Fed. R. Crim. P. 35(b) motion, if cooperation were completed after sentencing. Doc. cr-97 at 4. The record shows that the Government did, in fact, file a § 5K1.1 motion which was granted. Doc. cr-165 and 170. While Niemes has continued to cooperate, that cooperation has not been completed. Once the cooperation is complete, the Government, as agreed upon in the plea agreement, will consider if that cooperation raises to the level of substantial assistance, and

if so, will file a Rule 35 motion. Based on the record now before this Court, Niemes has not established any entitlement to relief based on ineffective assistance of counsel or breach of plea agreement. Both claims are without merit.

In his reply, Niemes seeks to have the Court hold his 2255 motion "under advisement until the receipt of further information regarding the final results" of his cooperation; to seal the 2255 motion; and to grant any other relief the Court feels just.

Because Niemes' 2255 claims have no merit, the Court declines to grant the relief Niemes seeks in the reply.

Accordingly, the Court orders:

That Niemes' motion to vacate (Doc. cv-1; cr-319) is denied, with prejudice. The Clerk is directed to enter judgment against Niemes in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these

circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on January 31, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  Arthur Lee Bentley, III
Pro se: Richardo Andres Montano Niemes